IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF NORTH CAROLINA
ASHEVILLE DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | DOCKET NO. **1:23-CR-36-MR-WCM** |
| | ) | |
| VS. | ) | **FACTUAL BASIS** |
| | ) | |
| JOHN ALLEN WISE | ) | |
| | ) | |

NOW COMES the United States of America, by and through Dena J. King, United States Attorney for the Western District of North Carolina, and hereby files this Factual Basis in support of the plea agreement filed simultaneously in this matter.

This Factual Basis is filed pursuant to Local Criminal Rule 11.2 and does not attempt to set forth all of the facts known to the United States at this time. By their signatures below, the parties expressly agree that there is a factual basis for the guilty plea(s) that the defendant will tender pursuant to the plea agreement, and that the facts set forth in this Factual Basis are sufficient to establish all of the elements of the crime(s). The parties agree not to object to or otherwise contradict the facts set forth in this Factual Basis.

Upon acceptance of the plea, the United States will submit to the Probation Office a "Statement of Relevant Conduct" pursuant to Local Criminal Rule 32.4. The defendant may submit (but is not required to submit) a response to the Government's "Statement of Relevant Conduct" within seven days of its submission. The parties understand and agree that this Factual Basis does not necessarily represent all conduct relevant to sentencing. The parties agree that they have the right to object to facts set forth in the presentence report that are not contained in this Factual Basis. Either party may present to the Court additional relevant facts that do not contradict facts set forth in this Factual Basis.

1. On or about August 5, 2022, in Jackson County, within the Western District of North Carolina and elsewhere, John Allen WISE, did knowingly and intentionally possess with intent to distribute a controlled substance, that is, fifty (50) grams or more of methamphetamine (actual), a Schedule II controlled substance.

2. On or about August 5, 2022, in Jackson County, within the Western District of North Carolina and elsewhere, John Allen WISE knowing that he had previously been convicted of at least one crime punishable by imprisonment for a term exceeding one year, did knowingly possess one or more firearms, that is a Sterling Arms, model 302, .22 caliber semi-automatic pistol. The firearm that was seized from WISE on or about August 5, 2022 was manufactured outside the state of North Carolina.

3. John Allen WISE was a convicted felon, at the time of the offense for a felony where WISE's sentence was more than a year and a day and WISE knew that he had been convicted of a

crime punishable by imprisonment for more than a year and a day. WISE had not been pardoned by any jurisdiction where the conviction occurred. WISE was a prohibited person at the time of the offense to possess firearms.

4. More specifically on August 5, 2022, officers with United States Probation Office ("probation officers") and assisting law enforcement officers ("officers") went to WISE's Jackson County residence for a planned search and to arrest WISE on a supervised release violation warrant. All encountered WISE sitting on the front porch. An officer located a small baggie of methamphetamine and a syringe on WISE. WISE commented the baggie contained methamphetamine. Probation officers located a black sunglasses case and a cigar box inside in a storage compartment of a sectional couch outside the residence. Inside the sunglasses case, probation officers seized multiple baggies containing suspected controlled substances. Inside the cigar box, probation officers seized two digital scales, baggies with suspected methamphetamine, suspected fentanyl, and suspected cocaine, and multiple clear baggies. WISE immediately lowered his head and commented to the effect he was done. He then stated all the items found on the porch and in the residence belonged to him.

5. Inside WISE's bedroom, probation officers collected a Ziplock baggie with suspected methamphetamine, a ledger, a used syringe, small clear plastic baggies, and (2) live rounds of .22 caliber ammunition.

6. In the basement, probation officers also located syringes, baggies, baggie with suspected controlled substances as well as a fireproof safe on the floor in the basement. Inside the safe, probation officers located a loaded Sterling Arms, model 302, .22 caliber semi-automatic pistol and a box with multiple live rounds of .22 caliber ammunition.

7. The DEA Mid-Atlantic Laboratory analyzed:

    i. the substance inside a Ziplock baggie found on WISE, the substance inside multiple baggies found in the sectional couch storage compartment, and the substance inside a Ziplock baggie found in WISE's bedroom and found collectively the substances contained methamphetamine, was 85% pure, and contained 106.99 actual grams of methamphetamine.

    ii. the substance inside a knot tie baggie inside the sectional couch storage compartment contained cocaine and weighed 4.36 grams.

    iii. the substance inside a Ziplock baggie found inside of the portable safe in the basement contained methamphetamine, was 7% pure, and contained 2.33 actual grams of methamphetamine.

    iv. the substance inside a Ziplock baggie found inside the sectional couch storage compartment contained cocaine and N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl, and weighed 6.16 grams.

v. the substance inside a Ziplock baggie found inside the sectional couch storage compartment contained N-phenyl-N-[l-(2-phenylethyl)-4-piperidinyl] propanamide, also known as fentanyl and heroin and weighed 2.36 grams.

vi. the substances identified as multiple pills in a Ziplock baggie found inside the sectional couch storage compartment contained methamphetamine and weighed collectively 24.669 grams.

8. WISE possessed the controlled substances with the intent to distribute them to others.

9. Investigators observed multiple messages in WISE's cell phone where the communications involved drug distribution. Individuals asked WISE for controlled substances, WISE gave prices, and WISE alerted others when he had product to sell.

DENA J. KING
UNITED STATES ATTORNEY

*/s/ Christopher S. Hess*

CHRISTOPHER S. HESS
ASSISTANT UNITED STATES ATTORNEY

### Defendant's Counsel's Signature and Acknowledgment

I have read this Factual Basis, the Bill of Information, and the plea agreement in this case, and have discussed them with the defendant. Based on those discussions, I am satisfied that the defendant understands the Factual Basis, the Bill of Information, and the plea agreement. I hereby certify that the defendant does not dispute this Factual Basis.

*/s/ E. Jones*                                      DATED: 4/14/23

Emily M. Jones, Attorney for Defendant